```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS & ST. JOHN
```

FERN P. CLARKE              )
                            )
          Plaintiff,        )
                            )
     v.                     )      Civil No. 2004-111
                            )
ANN E. ABRAMSON,            )
                            )
          Defendant.        )
_____)


ATTORNEYS:

**Ann H. Paeiwonsky, Esq.**
St. Thomas, U.S.V.I.
        *For the Plaintiff.*

**Yvette D. Ross-Edwards, Esq.**
St. Croix, U.S.V.I.
        *For the Defendant.*


## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Ann E. Abramson ("Abramson"), to dismiss Counts VI, VII and VIII of Fern P. Clarke's ("Clarke") complaint.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint in this action indicates that Abramson employed Clarke.[1]  Clarke alleges that she entered into a severance agreement with Abramson.  The severance agreement

---

[1] The extent and capacity of Clarke's employment are unclear from the Complaint.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 2

provided that Abramson would give Clarke six months' notice before terminating Clarke's employment, and that Abramson would pay Clarke biweekly during this six-month period in the event of termination. The severance agreement further provided that Abramson would pay Clarke a six-month severance pay after expiration of the termination period as well as Clarke's 2003 social security tax.

Clarke alleges that Abramson terminated her without six months' notice, and did not pay her salary, severance pay or social security tax. Clarke further alleges that Abramson did not prepare her W-2 tax forms. Clarke also alleges that Abramson gave her a $125,000 promissory note,[2] but did not comply with its terms. Finally, Clarke alleges that Abramson transferred twenty shares in Abramson Enterprises, Inc. to Clarke, but did not issue stock certificates to effectuate the transfer.

Consequently, Clarke filed an eight-count complaint against Abramson for damages. In Counts I through V, Clarke argues that she is entitled to specific performance of the severance agreement; specific performance of the promissory note; specific performance of the issuance of the stock certificates; and

---

[2] Clarke asserts that the promissory note also granted Clarke two parcels of land of Clarke's choosing and provided that Abramson would transfer her interest in other land to Clarke.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 3

interest and penalties for not timely filing her 2003 taxes.[3] Abramson now moves to dismiss Counts VI, VII and VIII of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6), all material allegations in the complaint are taken as admitted, and the Court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

A. Count VII

Count VII alleges that Abramson intentionally inflicted emotional distress on Clarke.

---

[3] The Complaint also included a defamation claim, which the Court dismissed on July 28, 2006.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 4

Under the Restatement (Second) of Torts § 46,[4] "[t]o state a claim for the tort of intentional infliction of emotional distress, the plaintiff must allege conduct so extreme or outrageous on its face that it falls outside the bounds of decency." *Smith v. V.I. Port Auth.*, No. 2002-227, 2005 U.S. Dist. LEXIS 56, at *43 (D.V.I. Jan. 2, 2005) (citing Restatement (Second) of Torts § 46 (1981); *see also Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 369 (D.V.I. 1997) ("It is not enough that the defendant acted with tortious intent or even that he acted with malice."), *aff'd*, 176 F.3d 472 (3d Cir. 1999).

Clarke alleges that Abramson did not pay Clarke certain amounts due under an employment agreement, did not prepare Clarke's W-2 form, and failed to give Clarke certain other sums of money as well as property pursuant to a promissory note.

Abramson's allegations of unfair and even unethical conduct "fail to meet the extremely high standard to state a viable cause of action for intentional infliction of emotional distress." *Smith*, 2005 U.S. Dist. LEXIS 56, at *40-41 (dismissing an intentional infliction of emotional distress claim where the plaintiff employee alleged that the defendant employer treated

---

[4] "In the absence of local law to the contrary, the Restatement is the authoritative law." *Chase v. Virgin Islands Port Auth.*, 3 F. Supp. 2d 641, 643 (D.V.I. 1998); 1 V.I.C. § 4.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 5

her "worse than a criminal"); *Frorup-Alie v. V.I. Hous. Fin. Auth.*, No. 2000-0086, 2003 U.S. Dist. LEXIS 25395, at *21-23 (D.V.I. Oct. 24, 2003) (dismissing an intentional infliction of emotional distress claim where the defendant employer encouraged the plaintiff employee to resign, accused her of stealing money and fired her without just cause because such conduct "would not be considered extreme or outrageous"); *Ramos v. St. Croix Alumina, L.L.C.*, 277 F. Supp. 2d 600, 604 (D.V.I. 2003) ("'It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'") (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)).

Accordingly, Count VII will be dismissed.

**B.   Count VI**

Count VI alleges that Abramson is liable to Clarke for punitive damages because of Abramson's deliberate, wanton and unlawful conduct.[5]

The Restatement (Second) of Contracts § 355 provides that "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for

---

[5] Specifically, Clarke points to Abramson's failure to fulfill her obligations under the severance agreement and the promissory note.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 6

which punitive damages are recoverable." Restatement (Second) of Contracts, § 355 (1981); *see also Tradewinds, Inc. v. Citibank, N.A.*, No. 80-7, 1983 U.S. Dist. LEXIS 10233, at *5 (D.V.I. Jan. 11, 1983). The Restatement further provides:

> In some instances the breach of contract is also a tort. . . . Under modern rules of procedure, the complaint may not show whether the plaintiff intends his case to be regarded as one in contract or one in tort. The rule . . . does not preclude an award of punitive damages in such a case if such an award would be proper under the law of torts. . . . The term "tort" . . . is elastic, and the effect of the general expansion of tort liability to protect additional interests is to make punitive damages somewhat more widely available for breach of contract as well.

*Id.* at cmt. b. Section 355, comment B makes reference to the Restatement (Second) of Torts § 908. That section provides that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts § 908(2) (1981). The Restatement further states that "[w]hen . . . the plaintiff has a right in the alternative to sue for a breach of contract or for a tort, the fact that his act or omission amounts to a breach of contract does not preclude the award of punitive damages *if the action is brought for the tort and the tort is one for which punitive damages are proper*." Restatement (Second) of Torts § 908(2), cmt. b (emphasis supplied). Comment B also provides that "[i]n all

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 7

these cases, . . . a cause of action for the particular tort must exist." *Id.*[6]

Here, there is no independent tort that could support a claim for punitive damages. Counts I through III sound entirely in contract.[7] It is difficult to discern a cause of action at all in Count IV, which alleges that Abramson did not issue Clarke's W-2 tax form. To the extent a cause of action is alleged, it is closer to a breach of contract than a tort.

Clarke has also brought two explicit tort claims: defamation and intentional infliction of emotional distress. Neither of these claims currently survives. The defamation claim has

---

[6] The illustrations in Section 355, comment B are instructive:

   3. A, a telephone company, contracts with B to render uninterrupted service. A, tortiously as well as in breach of contract, fails to maintain service at night and B is unable to telephone a doctor for his sick child. B's right to recover punitive damages is governed by Restatement, Second, Torts § 908.

   4. A borrows money from B, pledging jewelry as security for the loan. B, tortiously as well as in breach of contract, sells the jewelry to a good faith purchaser for value. A's right to recover punitive damages is governed by Restatement, Second, Torts § 908.

Restatement (Second) of Contracts § 355, cmt. b.

[7] Clarke argues in these first three counts that Abramson breached the severance agreement as well as the promissory note and did not complete the transfer of stock certificates to Clarke.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 8

already been dismissed by this Court. (*See* Order, July 28, 2006). As discussed above, Clarke has failed to state a claim for intentional infliction of emotional distress.

Clarke's reliance on Section 908 is misplaced because that section only authorizes the *award* of punitive damages; it does not create a separate cause of action. This Court has reasoned that "[a]lthough Section 908 . . . emphasizes that a plaintiff who properly asserts a claim which rests on alternative tort and contract theories is not precluded from an award of punitive damages," the complaint must "set forth such alternative grounds for relief." *Tradewinds, Inc.*, 1983 U.S. Dist. LEXIS 10233, at *6.[8] Clarke's complaint fails to do so.

Accordingly, Count VI will be dismissed.

**C. Count VIII**

Count VIII alleges that Abramson acted willfully and in reckless disregard for Clarke's health and safety, and should thus be held strictly liable for Clarke's damages.[9]

---

[8] Although *Tradewinds* involved a motion for summary judgment as opposed to a motion to dismiss, the Court's reasoning in that case is equally applicable here.

[9] In her opposition to Abramson's motion, Clarke seeks to clarify that the words "strictly liable" in the Complaint do not refer to strict liability in the products liability sense, and could be replaced with "exclusively, solely or directly." (Pl.'s Opp. to Def.'s 12(b)(6) Mot. to Dismiss Counts VI, VII, and VIII at 5). Clarke also argues that while Count VIII, like Count VI, sets forth a claim for punitive damages, "the standard is based upon a different set of evidentiary elements."

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 9

    But for a difference in the number assigned to the counts, Counts VI and VIII are virtually identical. In both counts, Clarke seeks punitive damages from Abramson for emotional distress caused by Abramson's allegedly willful and unlawful behavior. Indeed, like Count VI, Count VIII does not allege an independent tort that could support a claim for punitive damages. In sum, like Count VI, Count VIII fails to state a claim.

    To the extent that Count VIII could be construed to be an intentional infliction of emotional distress claim, that claim fails for the same reasons that Count VII fails. The conduct alleged in Count VIII is not "so extreme or outrageous on its face that it falls outside the bounds of decency." *See*, *e.g.*, *Smith*, 2005 U.S. Dist. LEXIS 56, at *43.

    Accordingly, Count VIII will be dismissed.

### IV.   CONCLUSION

    For the reasons discussed above, Abramson's motion to dismiss Counts VI, VII and VIII will be granted. An appropriate order follows.

**Dated: October 24, 2007**

                                                  S\_____
                                                  **CURTIS V. GÓMEZ**
                                                    **Chief Judge**

copy:    Hon. Geoffrey W. Barnard
           Anna H. Paeiwonsky, Esq.

*Clarke v. Abramson*
Civil No. 2004-111
Memorandum Opinion
Page 10

        Yvette D. Ross-Edwards, Esq.
        Carol C. Jackson
        Lydia Trotman
        Claudette Donovan
        Olga Schneider
        Gregory F. Laufer